

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 8, 1963

Honorable R. D. Oswalt          Opinion No. C-32
County Attorney
Wilbarger County                Re:  In the absence of the County
Vernon, Texas                        Judge who is the proper person
                                     to perform the duties of his
                                     office under the election laws
                                     pertaining to school districts,
Dear Mr. Oswalt:                     and related questions?

          This office is in receipt of your letter of February
22, 1963, in which you ask the following questions:

          "(1)  When a County Judge is absent from his
office for a period of more than 90 days, what is
the effect of such absence?

          "(2)  In the absence of the County Judge who
shall perform the duties of his office under the
election laws pertaining to school districts?

          "(3)  In the absence of the County Judge who
is also the Ex-Officio County Superintendent, who
shall perform the duties of his office?

          Your statement of the facts is as follows:

          "Hon. R. R. Donaghey was elected County Judge
of Wilbarger County, Texas, in the general elec-
tion held in November, 1962.  On January 1, 1963,
he duly qualified by filing his oath and bond.
Subsequently, on January 2, 1963, it was brought
to the attention of the Clerk of the County Court
that Judge Donaghey was ill and physically unable
to transact the business of his office.  At a
meeting of the practicing lawyers of the County
Court of Wilbarger County held on January 7, 1963,
such lawyers elected Jack Hightower Special County
Judge under the provisions of Article 1934 and
1887, RCS of Texas, for the trial and disposition
of cases pending in such court during the inability
of Judge Donaghey.  Judge Donaghey is still at this
date unable to discharge the duties of his office."

-139-

Your attention is called to the following statutes:

### Article 1929, Vernon's Civil Statutes

"He shall attend at his office from day to day, and not absent himself from the county or the State without the permission of the commissioners court, to be entered on its minutes, nor shall he be absent with such permission for a longer period than ninety days."

### Article 1934, Vernon's Civil Statutes

"If a county judge fails to appear at the time appointed for holding the court, or should he be absent during the term or unable or unwilling to hold the court, a special county judge may be elected in like manner as is provided for the election of a special district judge. The special county judge so elected shall have all the authority of the county judge while in the trial and disposition of any case pending in said court during the absence, inability, or such refusal of the county judge. Similar elections may be held at any time during the term, to supply the absence, failure or inability of the county judge, or any special judge, to perform the duties of the office. When a special county judge shall have been so elected, the clerk shall enter upon the minutes of the court, a record such as is provided for in like cases in the district court."

In answer to your first question, we assume the ninety-day period you refer to is that which appears in Article 1929. This statute provides that the County Judge shall attend his office from day to day, and not absent himself from the county or State without permission of the Commissioners Court, nor shall he absent himself with permission for a period longer than ninety days. We interpret this wording to mean that the County Judge cannot leave the county or State for more than ninety days, even with the permission of the Commissioners Court. Under this interpretation, Article 1929 would not apply to the fact situation which you have submitted to this office.

However, Article 1934 would apply. It provides that where the County Judge fails to appear at the time appointed for holding court, or where he is absent during the term or is _unable_ or unwilling to hold the court, an election of a "special" County Judge is authorized. This election is held in the same manner in which a "special" District Judge is elected; that is, the

practicing attorneys before that court shall cast lots to elect a "special" Judge.

In answer to your second and third questions as to who, in the absence of the County Judge, performs his duties as to school district elections and as ex-officio County Superintendent, the Legislature has failed to delegate the responsibility or authority to any one. The Legislature specifically sets out the authority of the "special" County Judge in Article 1934, which confines him to the trial and disposition of any case pending in the Court. We refer you to the two enclosed opinions from this office. Opinion No. 0-5374 holds that a "Special" County Judge cannot preside over or act as a member of the Commissioners Court. Opinion No. V-615 holds that the "special" County Judge cannot act as ex-officio County Superintendent.

It is therefore our opinion that the authority of a "special" County Judge is confined to the trial and disposition of any case which is pending in the County Court.

## SUMMARY

The 90-day period referred to in Article 1929, V.C.S., is interpreted to mean 90 days outside a county or state.

The authority of a "special" County Judge is confined to the trial and disposition of any case which is pending in the County Court.

Yours very truly,

WAGGONER CARR
Attorney General

By  *Bill Morse Jr*
Bill Morse, Jr.
Assistant

BM:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Robertson
Howard Mays
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone